# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Marcel McGray, Plaintiff, v. BraunAbility, Defendant.

Case No.: _____

FILED BY _____ D.C.

MAR 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# COMPLAINT

Plaintiff, Marcel McGray, files this Complaint against Defendant BraunAbility, and states:

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act (ADA) and federal consumer protection laws.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District, and Defendant conducts business here.

# II. PARTIES

3. Plaintiff Marcel McGray is a disabled individual residing in Palm Beach County, Florida.
4. Defendant BraunAbility manufactures ADA mobility equipment and conducts business in Florida.

# III. FACTUAL ALLEGATIONS

5. Plaintiff purchased an ADA equipped mobility van relying on Defendant's representations of safety, reliability, and accessibility.
6. The vehicle experienced repeated mechanical and ADA related failures, including issues affecting Plaintiff's ability to safely enter, exit, and operate the vehicle.
7. Plaintiff repeatedly requested repairs, documentation, and transparency regarding the vehicle's condition.
8. Defendant repeatedly failed to provide required documentation, repeatedly failed to resolve ongoing issues, and returned the vehicle in unsafe condition by flatbed.
9. Defendant engaged in threatening conduct, including pressuring Plaintiff to accept unsafe repairs and attempting to intimidate Plaintiff when he requested written documentation. Defendant threatened payment on loaner if not returned by March 6th, 2026.

10. Defendant repeatedly attempted to communicate by mail, despite Plaintiff's explicit written request for email communication, causing delays, avoiding digital records, and suggesting concealment.

11. Defendant's mailing tactic caused: • Delayed access to information • Avoidance of a digital record • Contradiction of Plaintiff's explicit request • Appearance of concealment • Continuation of a pattern of obstruction

12. Plaintiff is unable to drive due to the unsafe condition of the ADA equipped vehicle and must rely on public transportation, causing hardship, loss of independence, and ongoing ADA related harm.

13. Plaintiff communicated consistently, calmly, and in writing, while Defendant ignored multiple requests for documentation and resolution.

14. On March 3, 2026, Defendant sent its last communication. Plaintiff provided 14 days for a response. Defendant failed to respond.

15. Defendant's conduct constitutes a pattern of obstruction, concealment, and bad faith handling of an ADA related safety issue.

# IV. CLAIMS FOR RELIEF

Count I – Violation of the Americans with Disabilities Act (ADA)

16. Plaintiff incorporates paragraphs 1–15.
17. Defendant failed to provide safe, accessible, and functional ADA mobility equipment.
18. Defendant's actions denied Plaintiff equal access, mobility, and independence.
19. Defendant's conduct caused Plaintiff physical, emotional, and financial harm.

Count II – Negligence

20. Plaintiff incorporates paragraphs 1–19.
21. Defendant owed Plaintiff a duty to provide safe ADA equipment and competent repairs.
22. Defendant breached that duty through unsafe repairs, concealment, and failure to provide documentation.
23. Plaintiff suffered damages as a direct result.

Count III – Breach of Warranty

24. Plaintiff incorporates paragraphs 1–23.
25. Defendant represented the vehicle as safe and reliable.
26. Defendant failed to honor those warranties.

Count IV – Deceptive and Unfair Trade Practices

27. Plaintiff incorporates paragraphs 1–26.
28. Defendant engaged in deceptive, unfair, and obstructive conduct, including withholding documentation, threatening behavior, and concealment.

# V. DAMAGES

General Damages: Plaintiff seeks $6,295,950 in general damages for loss of mobility, loss of independence, ADA related harm, emotional distress, safety risk, and the ongoing hardship caused by Defendant's reckless, intentional, threatening, and obstructive conduct.

Special Damages: Plaintiff seeks $365,870 in special damages representing the full economic loss associated with the defective ADA equipped mobility van, including the van purchase price, ADA conversion cost, taxes, fees, down payment, monthly payments made, remaining loan payoff, transportation charges, repair expenses, and all incidental costs directly caused by Defendant's conduct.

# VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

# VII. SIGNATURE

Respectfully submitted,

Marcel McGray

6379 Dogwood Lane

Lantana, Florida 33462

Phone: 561 365 7454

Email: Marcel.McGray@Gmail.com

Date: 03/17/2026