UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 26-80286-CIV-CANNON/Matthewman

MARCEL MCGRAY,

     Plaintiff,

v.

BRAUNABILITY
and MOBILITY WORKS,

     Defendants.

_____/

## ORDER DISMISSING SHOTGUN SECOND AMENDED COMPLAINT WITHOUT PREJUDICE AND WITHOUT LEAVE TO PLEAD

**THIS CAUSE** comes before the Court upon Plaintiff's Second Amended Complaint, filed on May 20, 2026 [ECF No. 31].  Because Plaintiff's Second Amended Complaint once again constitutes a shotgun pleading, the Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO REPLEAD**, and the Clerk is directed to **CLOSE** this case.

## RELEVANT BACKGROUND

This action arises out of a dispute over allegedly defective repairs Defendants made to Plaintiff's wheelchair accessible vehicle [*see generally* ECF No. 31].  Plaintiff initiated this action by filing a Complaint [ECF No. 1], which Plaintiff amended as of right three days later by filing an Amended Complaint [ECF No. 6].  Because the Amended Complaint had several shotgun pleading deficiencies, the Court dismissed Plaintiff's Amended Complaint without prejudice and gave Plaintiff detailed instructions on how to remedy these deficiencies in a second amended complaint [ECF No. 23].  Specifically, the Court directed Plaintiff that any second amended complaint "must not contain any successive counts that broadly incorporate all prior allegations"

and "must clearly explain which particular defendant(s) is being sued under that claim and what each particular defendant did in reference to that claim" [ECF No. 23 p. 4 (emphasis omitted)]. The Court further cautioned Plaintiff that "[f]ailure to comply with this Order may result in dismissal of the case without further notice" [ECF No. 23 p. 4]. Plaintiff responded by filing the instant Second Amended Complaint [ECF No. 31].

## LEGAL STANDARDS

### Shotgun Pleadings

Under Federal Rules of Civil Procedure 8(a) and 8(e), a pleading must contain a "short and plain statement" of the claims for relief and it must be "simple, concise, and direct." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 10(b) requires parties to state their "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit repeatedly has condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Therefore, it is well-settled that shotgun pleadings are an unacceptable form of setting forth a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). And the Court has an independent obligation to dismiss such pleadings and require repleader. *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (collecting cases).

There are four basic types of shotgun pleadings, as elaborated upon in *Weiland*: (1) those

in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which claims apply to which defendants.  792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id*. at 1323; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (noting that Rule 8 requires a pleading to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (alteration adopted) (quotation omitted)).

**Pro Se Pleadings**

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed.  *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). However, liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## DISCUSSION

Despite being expressly warned by the Court of the prohibition on shotgun pleadings, Plaintiff's Second Amended Complaint repeats two of his prior shotgun pleading errors.

First, Counts II through IV of Plaintiff's Second Amended Complaint once again incorporate all preceding allegations, the "most common type" of shotgun pleading deficiency. *See Weiland*, 792 F.3d at 1321 ("The most common type [of shotgun pleading]—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding

3

counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Second, Plaintiff's Second Amended Complaint again commits the fourth type of shotgun pleading error: "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

These deficiencies, both individually and in combination, fail to give Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. And they inhibit the Court's and the parties' ability "to determine which facts support which claims, [and] whether the plaintiff has stated any claims upon which relief can be granted." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quotation omitted); Fed. R. Civ. P. 8.

Plaintiff has already been put on notice regarding these pleading deficiencies, given clear instructions on how to remedy them, and afforded a chance to replead [*see* ECF No. 31 pp. 3–5]. Justice does not require further amendment. *See, e.g.*, *Roether v. Georgia*, No. 22-13731, 2024 WL 358121, at *3 (11th Cir. Jan. 31, 2024) (citations omitted) (requiring court to provide *pro se* plaintiff with one chance to replead where complaint is a shotgun complaint but authorizing dismissal of subsequent pleading if it fails to remedy the shotgun defects); *Philippeaux v. Miami Apartments Invs., LLC*, No. 22-11692, 2023 WL 2989831, at *2 (11th Cir. Apr. 18, 2023) (finding no abuse of discretion in dismissing pro se litigant's second amended complaint with prejudice where district court previously explained flaws to pro se litigant); *Fields v. Conrad*, No. 21-10825, 2022 WL 291359, at *4 (11th Cir. Feb. 1, 2022) (affirming dismissal of pro se plaintiffs' third

CASE NO. 26-80286-CIV-CANNON/Matthewman

amended complaint with prejudice after district court gave repeated opportunities to amend).[1]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Second Amended Complaint [ECF No. 31] is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO REPLEAD**.

2. The Clerk shall **CLOSE** this case.  Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of May 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[1] *See also Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018) (same); *Gendron v. Connelly*, No. 22-13865, 2023 WL 3376577, at *2 (11th Cir. May 11, 2023) (same); *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 772 (11th Cir. 2020) (same); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (ruling that dismissal "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Daker v. Comm'r, Ga. Dep't of Corr.*, 850 F. App'x 731, 733 (11th Cir. 2021) ("A district court can dismiss a case *sua sponte* . . . if the plaintiff fails to comply with a court order." (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005))).